UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAVON BILLUPS,<br>    Plaintiff,<br><br>-vs-<br><br>Chicago Police Officer T. KINSELLA, No. 17145,<br>UNKNOWN CHICAGO POLICE OFFICERS, and<br>the CITY OF CHICAGO,<br>    Defendants. | FILED: JUNE 11, 2008<br>08CV3365<br>JUDGE LEFKOW<br>MAGISTRATE JUDGE DENLOW<br><br>TC |

**COMPLAINT**

**NOW COMES** the Plaintiff, LAVON BILLUPS, by and through her attorneys, ERICKSON & OPPENHEIMER, P.C. complaining of the Defendants, Chicago Police Officer T. KINSELLA, No. 17145, UNKNOWN CHICAGO POLICE OFFICERS and the CITY OF CHICAGO, and states as follows:

**Introduction**

1. This is a civil action seeking damages against Defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the U.S. Constitution and laws of the United States. In sum, Plaintiff, along with her boyfriend and son, were terrorized at gun-point, assaulted, battered and unlawfully seized in their home.

**Jurisdiction**

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, the Judicial Code, 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

**The Parties**

3. Plaintiff, LaVon Billups (Plaintiff Billups), is a 50-year-old adult female currently residing at 4336 W. Gladys, in Chicago, Illinois. The building is a multi-family dwelling and is owned by Plaintiff's mother, Ann Billups, who is also a resident.

4. Michelle Billups, Plaintiff's niece, Frankie Billups, Plaintiff's sister, and DeAndre Boyd, Plaintiff's son, currently reside at the above mentioned address.

5. Maurice Boyce is the boyfriend of LaVon Billup and resides at 2301 N. LeClair, Chicago, Illinois.

6. Defendants T. Kinsella (Defendant Kinsella) and Unknown Chicago Police Officers (Defendant Officers) were, at the time of this occurrence, employees of the Chicago Police Department and acted under their authority as duly appointed police officers in the Chicago Police Department at all relevant times.

7. Defendant City of Chicago is a municipal corporation organized under the laws of the State of Illinois. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was and is the public employer of the Defendants.

**Background Facts**

8. Defendant Kinsella went before Cook County Judge Kunkle, on June 14, 2006 at 8:25 am and obtained a search warrant for 4336 W. Gladys Ave., 1st Floor, Chicago, Illinois, the home of Plaintiff Billups, the target of the warrant was a .9mm Handgun, ammunition, and any documents showing Mr. Boyce's residency.

9. Armed with search warrant, all Defendants went to 4336 W. Gladys Ave., 1st Floor, Chicago, Illinois and forcibly entered Plaintiff Billups' home on June 15, 2006 at 2:30 am while the family was sleeping.

10. Present in the home were Plaintiff Billups, Maurice Boyce and DeAndre Boyd.

11. Maurice Boyce assumed that the police were entering the home looking for him and approached the Defendant Officers with arms raised stating out loud, "I'm Maurice Boyd." Defendant Officers forcibly entered the premises, guns drawn and presented the unlawfully obtained warrant. There were approximately ten (10) Chicago Police Officers present.

12. Almost immediately, Defendant Officers handcuffed Plaintiff Billups, Mr. Boyce and Mr. Boyd. All three were handcuffed behind their backs and laid face down on the floor for the duration of the search which lasted approximately 2-3 hours.

13. While searching the home, Defendant Officers broke and destroyed doors, furniture, clothing and the entry gate to the residence.

14. While handcuffed and on the floor, Plaintiff Billups suffered an asthma attack. Defendant Officers took no action to provide medical assistance.

15. After searching the entire home for 2-3 hours, Defendant Officers realized that they had made a mistake. Defendant Kinsella and Defendant Officers realized that none of the

conditions in the house matched the information that he claimed to have received from the purported John Doe. Defendant Kinsella realized that there was no .9mm handgun, no ammunition, and never searched for or discovered documents of residency.

16. Despite the explanation that Mr. Boyce did not live at the premises being searched, and the clear lack of any indicia of guns or ammunition, Defendant Kinsella and Officers insisted that the entire home must be searched and that all present must remain hand cuffed faced down on the floor while the search continued.

17. Eventually, after finding no signs of guns, ammunition, of documents showing residency the Defendant Officers apologized and removed the handcuffs from Mr. Boyce and Mr. Boyd.

18. Defendant Officers aggressively lifted Plaintiff Billups from the floor while handcuffed behind her back. Defendant Officers caused injury to Plaintiff Billups' rotator cuff and right shoulder.

19. Defendant Officers apologized to Plaintiff Billups and her family then left the premises.

20. The following week the Chicago Police Department repaired and replaced the damaged doors and entry gate to the premises.

21. Since the incident, Plaintiff Billups has suffered extreme pain to her right shoulder area. Plaintiff Billups underwent surgery for her injuries at the University of Illinois Medical Center, including but not limited to, a right shoulder arthroscopy and subacrominal decompression.

22. Plaintiff Billups underwent physical therapy for said injuries and continues it today.

23. Prior to the incident described above, Plaintiff Billups worked as a hairstylist. Her shoulder and rotator cuff injuries prevent her from continuing such employment.

24. Since the incident Plaintiff Billups has experienced nightmares, anxiety attacks, fear and nervousness around police officers, and other mental and emotional damages.

25. Further, no charges were filed against Plaintiff Billups, Mr. Boyce, Mr. Boyd or any resident of the premises stemming from the above mentioned search.

### COUNT I—Unlawful Seizure of La Von Billups
### 42 USC § 1983

26. Plaintiff realleges and reincorporates all previous paragraphs.

27. As described above, Defendant Kinsella and Defendant Officers, acting under the color of law, executed an unconstitutional seizure of Plaintiff Billups.

28. Specifically, Defendant Officers and Defendant Kinsella stopped, arrested and seized and Plaintiff Billups without a warrant for her arrest, without reasonable suspicion or without any true belief or indicia that she had committed any crime.

29. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff Billups.

30. As a result of the unlawful seizure, Plaintiff Billups suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to her personal and professional reputation, loss of liberty, mental distress, and anguish.

WHEREFORE, Plaintiff La Von Billups requests that judgment be entered in her favor and that she be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

### COUNT II—False Arrest and Unlawful Detention of La Von Billups

### 42 USC § 1983

31. Plaintiff realleges and reincorporates all previous paragraphs.

32. Defendant Officers and Defendant Kinsella caused Plaintiff Billups to be detained at her home when they handcuffed her and forced her to lie on her stomach for nearly three (3) hours.

33. Plaintiff Billups wa handcuffed on the floor for an unreasonable amount of time.

34. As a result of Defendant Kinsella and Defendant Officers' false arrest and unlawful detention, Plaintiff Billups suffered emotional injuries including mental and emotional damage and trauma, humiliation, damage to her personal and professional reputation, loss of liberty, mental distress and anguish.

WHEREFORE, Plaintiff La Von Billups requests that judgment be entered in her favor and that she be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

### COUNT III—Use Of Excessive Force Against La Von Billups

### 42 USC § 1983

35. Plaintiff realleges and reincorporates all previous paragraphs.

36. Defendant Kinsella and Defendant Officers did not have a reasonable basis for using any force, or the amount of force used on Plaintiff Billups.

37. At all times relevant to the allegations contained in this complaint, no cause, legal or

otherwise, existed for Defendants to assault and batter Plaintiff Billups.

38. The aggressive handling of Plaintiff Billups by Defendants was excessive, unnecessary, and unreasonable.

39. As a proximate result of all of the aforementioned actions by Defendant Kinsella and Defendant Officers, Plaintiff Billups sustained bodily injury, mental and emotional pain and suffering, past and future psychological damage, and medical expenses.

40. The acts of Defendant Kinsella and Defendant Officers as described in this complaint were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff Billups' rights.

41. As a direct and proximate result of the malicious actions of Defendants, Plaintiff Billups was injured, including the loss of her freedom, damage to her reputation, humiliation, pain, suffering, the deprivation of her constitutional rights and her dignity, lost time, wages, attorneys' fees and extreme emotional distress.

WHEREFORE, Plaintiff La Von Billups requests that judgment be entered in her favor and that she be awarded compensatory and punitive damages, reasonable attorney's fees, costs and expenses and such further relief that this Honorable Court deems just.

## COUNT IV—Conspiracy to Interfere with the Rights of La Von Billups
## 42 USC § 1983

42. Plaintiff realleges and reincorporates all previous paragraphs.

43. Defendant Kinsella and Defendant Officers conspired and falsely seized and detained Plaintiff Billups without justification and without probable cause.

44. As a result of the concerted unlawful and malicious conspiracy of Defendants, Plaintiff Billups was deprived of both her liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983 and 1985.

45. As a direct and proximate result of this conspiracy, Plaintiff Billups was injured, including the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of her constitutional rights and her dignity, lost time, wages, attorneys' fees and extreme emotional distress.

WHEREFORE, Plaintiff La Von Billups requests that judgment be entered in his favor and that she be awarded compensatory and punitive damages, reasonable attorneys' fees, costs and expenses and such further relief that this Honorable Court deems just.

### COUNT V – State Battery Claim By La Von Billups

46. Plaintiff realleges and reincorporates all previous paragraphs.

47. Defendant Officers did not have a reasonable basis for using any force, or, the amount of force used.

48. Without the consent of Plaintiff Billups, Defendant Officers intentionally, harmfully, and offensively touched Plaintiff Billups by aggressively lifting her from the ground while handcuffed behind her back.

49. Defendant Officers' conduct that resulted in these batteries was undertaken with malice, willfulness and reckless indifference to Plaintiff Billups' rights.

WHEREFORE, Plaintiff demands judgment for compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT VI – State Assault Claim By La Von Billups

50. Plaintiff realleges and reincorporates all previous paragraphs.

51. Acting under color of law, Defendant Kinsella and Defendant Officers worked a denial of Plaintiff Billus' rights by assaulting her.

52. Plaintiff Billups is a reasonable person.

53. Any reasonable person would also have become apprehensive in the face of Defendants threatening conduct when entering the home.

54. Defendant Kinsella and Defendant Officers conduct that resulted in this assault was undertaken with malice, willfulness and reckless indifference to Plaintiff's rights.

WHERFORE, because Defendants created an apprehension of immediate physical harm, Plaintiff La Von Billups requests actual and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT VII—Respondeat Superior
### 745 ILCS 10/9-102

55. Plaintiff realleges and reincorporates all of the allegations in the preceding paragraphs.

56. In committing the acts alleged in above, each individual defendant was acting within his scope of employment as a Chicago Police Officer with the City of Chicago.

57. In Illinois, public entities are directed to pay for any tort judgment for compensatory

damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

58. As a proximate cause of Defendants' unlawful acts and omissions, Plaintiff Billups suffered physical and emotional injuries enumerated above.

WHEREFORE, Plaintiff La Von Billups demands judgment against the City of Chicago for actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

**DEMAND FOR JURY TRIAL IS MADE**

Respectfully Submitted:
/s/ Franco La Marca

———————————————
ERICKSON & OPPENHEIMER, PC
Attorneys for Plaintiff
ARDC: 6292220
4554 N. Broadway | Suite 325
Chicago, Illinois 60640
1.773.907.0940