IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAVON BILLUPS, | ) | |
| | ) | No.   08 C 3365 |
| Plaintiff, | ) | |
| | ) | JUDGE LEFKOW |
| v. | ) | |
| | ) | Magistrate Judge Denlow |
| Chicago Police Officer T. KINSELLA, No. 17145, | ) | |
| UNKNOWN CHICAGO POLICE OFFICERS, and | ) | |
| the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS
OR IN THE ALTERNATIVE 12(e) MOTION FOR A MORE DEFINITE STATEMENT**

Defendant City of Chicago ("City"), by and through its attorney, MARA S. GEORGES, and Defendant Chicago Police Officer Tim Kinsella, (hereinafter "Defendant Kinsella or Defendant Officer"), by and through his attorney, Suyon Reed, Assistant Corporation Counsel, (herein collectively known as "Defendants"), respectfully move this Honorable Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts V and VI of plaintiff's complaint for failure to state a claim upon which relief can be granted, since plaintiff's claims are beyond the statute of limitations. In addition, Defendants move this Court to dismiss Count IV, for failure to state a claim upon which relief can be granted, or in the alternative Defendants move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  In support of his motion, Defendants submit the following memorandum.[1]

---

[1] Defendant Officer Kinsella and Defendant City files this motion only on their behalf and not on behalf of any other named or unknown Defendants.

**Introduction**

On June 11, 2008, plaintiff, LaVon Billups, (herein after referred to as "plaintiff"), filed a fifty-eight paragraph, seven count Complaint against Defendants[2] and Unknown Officers. Count I, alleges that Defendant Officer Kinsella and "Defendant Officers"[3] unlawfully seized plaintiff in violation of 42 U.S.C § 1983. *See Complaint*, Doc. No. 1, p. 5, herein referred to as "*Compl*." Count II alleges that "Defendant Officers" and Defendant Kinsella falsely arrested and unlawfully detained plaintiff in violation of 42 U.S.C § 1983. *Id*. at p. 6. Count III alleges that "Defendant Officers" and Defendant Kinsella used excessive force against the plaintiff in violation of 42 U.S.C § 1983. *Id*. Count IV, alleges that "Defendant Officers" and Defendant Kinsella conspired to falsely seize and detain plaintiff without justification and without probable cause in violation of 42 U.S.C § 1983 and 1985, the 4th, 5th and 14th Amendments to the United States Constitution. *Id*. at pp. 7 and 8, ¶ 44. Count V alleges a state law claim of Battery against "Defendant Officers." *Id*. at p. 8. Count VI alleges a state law claim of Assault against "Defendant Officers" and Defendant Kinsella. *Id*. at p. 9. Lastly, Count VII, alleges a claim of Respondeat Superior, pursuant to *745 ILCS 10/9-102* against the City of Chicago. *Id*. at pp. 9 and 10.

First, plaintiff's conspiracy claim in Count IV of her complaint fails to state a cause of action for which relief can be granted, for all of the following reasons, plaintiff's conspiracy

---

[2] Plaintiff's complaint appears to make City liable in all counts pursuant to a theory of "respondeat superior", nonetheless, City joins in all arguments for a dismissal of claims IV, V and VI of plaintiff's complaint.

[3] In plaintiff's complaint, she refers to "Unknown Officers" as "Defendant Officers" as stated in the caption of the complaint, thus for purposes of continuity and to avoid confusion, Defendants will also use "Defendant Officers" in the argument section of the complaint instead of "Unknown Officers" even though there are no other actual "Defendant Officers" besides Defendant Officer Kinsella. *Compl.*, p. 2, ¶ 6.

claim against Defendants must be dismissed with prejudice or in the alternative Defendants move for a more definite statement. Plaintiff's complaint is silent as to when the alleged conspiracy occurred since it alleges that Defendant Kinsella acted alone when he obtained the search warrant. *Compl.*, p. 3, ¶ 8. Finally, plaintiff's state law claims in Count V and VI of her Complaint must be dismissed, as the alleged incident occurred on June 15, 2006, well beyond the statute of limitations.

### Factual Allegations

According to the plaintiff, on June 14, 2006 at 8:25 a.m., Defendant Kinsella appeared before Cook County Judge Kunkle, and obtained a search warrant for her home at 4336 W. Gladys Ave., 1st Floor, Chicago, Illinois. *Id*. Plaintiff alleges that the target of the warrant was a .9mm handgun, ammunition, and any documents showing "Mr. Boyce's" residence. *Id*. On June 15, 2006 at 2:30 a.m., plaintiff alleges that approximately ten Chicago Police Officers forcibly entered her home while the family was sleeping with their guns drawn and presented the unlawfully obtained warrant. *Id*. at p. 3, ¶¶ 9, 11. In the home at that time was the plaintiff, Maurice Boyce and DeAndre Boyd. *Id*. at p. 3, ¶ 10. Plaintiff alleges that almost immediately, the "Defendant Officers" handcuffed her, Mr. Boyce and Mr. Boyd behind their backs and laid them face down on the floor for the duration of the search which lasted approximately 2-3 hours. *Id*. at p. 3, ¶¶ 12,16. The plaintiff then alleges that during the search the "Defendant Officers" broke and destroyed doors, furniture, clothing and the entry gate to the residence. *Id*. at p. 3, ¶ 13. Plaintiff alleges that while she was handcuffed and on the floor, she suffered an asthma attack and the "Defendant Officers" took no action to provide her with medical assistance. *Id*. at p. 3, ¶ 14. Plaintiff then alleges that after the "Defendant Officers" searched the home they realized they

made a mistake since none of the conditions in the house matched the information that was received from the "John Doe." *Id*. at p. 3, ¶ 15. Plaintiff then alleges that Defendant Kinsella realized there was no .9mm handgun, no ammunition in the house and that Defendant Kinsella never searched for or discovered any residency documents. *Id*. Plaintiff then alleges that the "Defendant Officers" apologized and removed the handcuffs from Mr. Boyce and Mr. Boyd. *Id*. at p. 4, ¶ 17. Plaintiff then alleges that the "Defendant Officers" then aggressively lifted her from the floor while she was handcuffed behind her back causing an injury to her rotator cuff and right shoulder, apologized to her and her family then left the premises. *Id*. at p. 4, ¶¶ 18, 19. Plaintiff alleges that the following week, the Chicago Police Department repaired and replaced the damaged doors and entry gate to the premises. *Id*. at p. 4, ¶ 20. Plaintiff further alleges that since this incident, she has suffered extreme pain to her right shoulder area and has undergone surgery for her injuries at the University of Illinois Medical Center. *Id*. at p. 4, ¶ 21. Plaintiff also alleges that since this incident, she can no longer work as a hairstylist and she experiences nightmares, anxiety attacks, fear and nervousness around police officers, and other mental and emotional damages. *Id*. at p. 4, ¶ 23; p. 5, ¶ 24. Finally, no charges were filed against the plaintiff, Mr. Boyce, Mr. Boyd or any resident of the premises from the search. *Id*. at p. 5, ¶ 25.

Nonetheless, plaintiff's state law claims in Counts V and VI are barred by the statute of limitations and must be dismissed. Additionally, plaintiff's Conspiracy claim in Count IV fails to state a cause of action for which relief can be granted, and therefore must be dismissed or in the alternative, Defendants move for a more definite statement.

### **Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

requires a court to consider all well-pled allegations in the complaint as true and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2003). Dismissal is proper when a complaint fails to allege a necessary element required to obtain relief. *R.J.R. Services, Inc. v. Aetna Casualty and Sur. Co.,* 895 F.2d 279, 281 (7th Cir. 1989*)*. While the federal courts only require "notice" pleading, the Court need not stretch the allegations made in a complaint beyond their sensible and reasonable implications. *DiBenedetto v. City of Chicago*, 873 F. Supp. 106, 108 (N.D. Ill. 1994); *Chan v. City of Chicago*, 777 F. Supp. 1437, 1440 (N.D. Ill. 1990).

      For a complaint to adequately state a claim that entitles the plaintiff to relief, it must meet two requirements. *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must "describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Id. (quoting Bell Atlantic Corp. v. Twombley,* 127 S.Ct. 1955, 1964(2007)). Second, the complaint's allegations must "plausibly suggest that the plaintiff has a right to relief." *Id*. To meet the plausibility standard, a complaint must include enough factual allegations to "raise the right to relief above a speculative level." *Twombley,* 127 S.Ct. at 1965. Unsupported conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Id*. at 1964-65; *see also Hickey v. O'Bannon,* 287 F.3d 656, 658 (7th Cir. 2002)(court not "obliged to accept as true legal conclusions or unsupported conclusions of fact."). Furthermore, a Court is "not required to ignore facts set forth in the complaint that undermine the plaintiff's claim or assign any weight to unsupported conclusions of law." *City National Bank of Florida v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994).

**Argument**

A.   **Plaintiff's Conspiracy Claim in Count IV of her Complaint Must be Dismissed Because it Fails to State a Cause of Action**

To establish a prima facie case of civil conspiracy, a plaintiff must show not only "an express or implied agreement among defendants to deprive a plaintiff of his or her constitutional rights," but also the "actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Accordingly, the Seventh Circuit has held that the absence of an underlying violation of a constitutional right precludes the possibility of succeeding on a conspiracy claim. *Indianapolis v. Minority Contractors Ass'n v. Wiley*, 187 F.3d 743, 754 (7th Cir. 1999)(quoting *Scherer,* 840 F.3d at 442).

Here, plaintiff alleges that Defendant Kinsella and "Defendant Officers" conspired to falsely seize and detain plaintiff without justification and without probable cause." *Compl.*, p. 7, ¶ 43. Plaintiff then states that, "As a result of the concerted unlawful and malicious conspiracy of "Defendants", plaintiff Billups was deprived of her liberty without due process of law......." *Compl.*, p. 8, ¶ 44. This is simply insufficient since plaintiff has failed to meet the two part test established in *Scherer*. Here, plaintiff does not allege in her complaint that there was either an expressed or implied agreement between Defendant Kinsella and "Defendant Officers", to deprive plaintiff of her rights nor does she state which overt act was committed by Defendant Kinsella in furtherance of the alleged agreement. It is unclear on the face of the complaint, if the overt act was the obtaining the search warrant, the arrest, the detention, the search of the house and/or the use of excessive force or all of the above. Nowhere in plaintiff's complaint, does plaintiff state when or where Defendant Kinsella conspired with "Defendant Officers" as

required under notice pleading. *See Pratt v Tarr*, 464 F.3d 730, 732 (7th Cir. 2006), cf. *Loubser v. Thacker*, 440 F.3d 439, 442-43 (7th Cir. 2006)(citations omitted) *citing Alston v Parker*, 363 F.3d 229, 233-34 and n. 6 (3rd Cir. 2004) ("although conspiracy is not something that Rule 9(b) of the Federal Rules of Civil Procedure requires to be proved with particularity...it differs from other claims in having a degree of vagueness that makes a bare claim of 'conspiracy' wholly uninformative to the defendant. Federal pleading entitles a defendant to notice of the plaintiff's claim so he can prepare responsive pleadings. That is why courts require the plaintiff to allege the parties, the general purpose, and the approximate date of the conspiracy").Thus, because plaintiff has failed to meet the requirements to establish a prima facie case of civil conspiracy, then her claim in Count IV must be dismissed.

**1.      The Plausibility Standard:**

Plaintiff's conspiracy claim in her complaint must "plausibly suggest that the plaintiff has a right to relief." *See, Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In order for a plaintiff to meet the plausibility standard, a complaint must include enough factual allegations to "raise the right to relief above a speculative level." *Twombley*, 127 S.Ct. at 1965. Unsupported conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Id*. at 1964-65; *see also Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002)(court not "obliged to accept as true legal conclusions or unsupported conclusions of fact."). Plaintiff's conclusion that Defendant Kinsella conspired with "Defendant Officers" to violate her constitutional rights is wholly unsupported and speculative at best. Plaintiff's conspiracy claim against Defendant Kinsella fails to state an adequate claim of conspiracy because it does not

describe the conspiracy claim in sufficient detail to give Defendant Kinsella fair notice of the grounds upon which plaintiff's conspiracy claim rests and it is purely speculative. *See*, *Twombley*, 127 S.Ct. 1955, 1964(2007)). Therefore, because Plaintiff's conspiracy claim against Defendant Kinsella is wholly unsupported, speculative and fails to meet the notice requirement under the Federal Rules, then this claim should be dismissed with prejudice.

Even if the plaintiff, alleges an overt act and an expressed or implied agreement involving Defendant Kinsella, the claim still fails.[4] In *Flores v. City of Chicago*, 682 F.Supp. 950, 953 (N.D.Ill. 1988)(Norgle, J.), Judge Norgle held that "a conspiratorial agreement cannot be inferred from the averment that overt acts were committed in furtherance of the conspiracy." *See also*, *Sweeney v. Bausman*, 1987 WL 45713, *4 (N.D.Ill. 1987). The court in *Flores* noted that "Plaintiffs here present no facts from which a conspiratorial agreement may reasonably be inferred. Plaintiffs allegations in their complaint amount to nothing more than an assertion that the overt acts were carried out in furtherance of the alleged conspiratorial agreement, with no facts to substantiate that an actual agreement existed." 682 F.Supp. 950, 953 (N.D.Ill. 1988)(Norgle, J.). Thus, in light of *Flores* and because the plaintiff has no independent claim for conspiracy that is separate and apart from the other constitutional violations she alleges in her

---

[4] Moreover, several courts in this district have recognized that a § 1983 conspiracy count cannot stand where the complaint "neither alleges any injury over and above the underlying torts at issue nor casts the net of liability over any additional defendants not otherwise reached," such that the plaintiff had been "prevented from pursuing a tort action or that the value of any such action has been reduced by the cover up." *Hawkins v. Mathus*, 1999 WL 966128, *3 (N.D.Ill. 1999) (Pallmeyer, J.); *Mendez v. Henniger* 1999 WL 202907, *4 (N.D.Ill. 1999)(Gottschall, J.); *see also Ingram v. Jones*, 1996 WL 355365, *2 (N.D.Ill.1996)(Nordberg, J.)(concealment of constitutional violations such as excessive force does not amount to separate constitutional violation of conspiracy unless victim alleges deprivation of access to the courts). *Also see*, *Antonelli v. Askew*, 1996 WL 131177, *1 (N.D.Ill.1996) (dismissing conspiracy count by explaining that "[b]ecause Antonelli has no independent claim for conspiracy separate and apart from the constitutional violations alleged in Count II through VII of the complaint the court grants defendants' motion to dismiss the § 1983 conspiracy claim alleged in Count I").

complaint, this claim must be dismissed.

2. **<u>The Intra-corporate Conspiracy Doctrine</u>**:

The Seventh Circuit has held that "managers of a corporation jointly pursuing its lawful business do not become 'conspirators' when acts within the scope of their employment are said to be discriminatory or retaliatory." *See Travis v. Gary Community Mental Health Center, Inc.*, 921 F.2d 108, 110 (7th Cir.1990). This doctrine applies also to officials working within a government agency. *See Wright v. Ill. Dep't of Children and Family Services*, 40 F.3d 1492, 1508 (7th Cir.1994). Plaintiff's conspiracy claim appears to rely solely on the fact that since Defendant Kinsella and "Defendant Officers" are all members of the Chicago Police Department, then they must be co-conspirators. *Compl.*, p. 7, ¶ 43 and p. 8, ¶ 44. Plaintiff's theory is flawed because under the intra-corporate conspiracy doctrine, "a conspiracy cannot exist solely between members of the same entity." *Payton v. Rush-Presbyterean-St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir.1999).

In this case, Defendant Kinsella and "Defendant Officers" are members of the same entity, the Chicago Police Department, and the only connection between Defendant Kinsella and "Defendant Officers", as stated in plaintiff's complaint, is the fact that they were employed by the Chicago Police Department and acting within the scope of their employment at the time of the alleged incidents. *Compl.*, p. 2, ¶ 6. However, the fact that Defendant Kinsella and "Defendant Officers" are all members of the Chicago police department is not enough to establish a connection for conspiracy. Thus, in light of *Travis* and *Wright*, Defendant Kinsella is not a co-conspirator and plaintiff's claim of conspiracy as to Defendants must be summarily

9

dismissed.

**B.      Plaintiff's Claims in Count IV Should Be Dismissed for Failure to State a Cause of Action pursuant to the 5th and 14th Amendments to the United States Constitution**

**1.      5th Amendment Claim**:

If the court finds that the plaintiff has properly pled a conspiracy claim, then the plaintiff should be barred from asserting that her rights were violated pursuant to the 5th Amendment to the United States Constitution. In her Complaint, plaintiff claims that "Defendant Officers" engaged in a course of conduct that deprived her of due process of law and violated her clearly established rights under the 4th, 5th and 14th Amendments to the Constitution of the United States of America and 42 U.S.C. sec. 1983 and 1985.[5] *Compl*., p. 8, ¶ 44.

The "Due Process Clause of the Fifth Amendment" applies only to federal officials." *See Laboy v. Zuley,* 747 F.Supp 1284, 1286 (N.D. Ill. 1990). Here, plaintiff alleges that at the time of this occurrence, Defendant Kinsella was an employee of the Chicago Police Department and acted under their authority as a duly appointed police officer...at all relevant times. *Compl*., p. 8, ¶ 44. Therefore, to the extent that plaintiff is alleging a claim pursuant to the 5th Amendment and since Defendant Kinsella is a Chicago police officer and not an agent of the federal government, then plaintiff's 5th Amendment claim under Count IV must be dismissed for failure to state a cause of action.

**2.      14th Amendment Claim**:

In Count IV of plaintiff's complaint, she brings an action against Defendant Kinsella

---

[5] Plaintiffs 4th Amendment claim under Count IV is not the subject of this Motion to Dismiss.

pursuant to the 14th Amendment. To the extent that plaintiff is alleging a claim pursuant to the 14th Amendment, that claim should also be dismissed. In *Graham v. Conner,* 490 U.S. 386, 390 (1989), the plaintiff sought to commence an action under 42 U.S.C § 1983 against the individual officers involved in the incident, alleging that they had used excessive force in violation of "rights secured to him under the Fourteenth Amendment to the United States Constitution." In *Graham*, the Court held that all claims that law enforcement officials have used excessive force- deadly or not- in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than a "substantive due process" approach. The Court further stated that "because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process' must be guide for analyzing these claims." *Id*., at 395.

     Here, plaintiff alleges that "Defendant Officers" engaged in a course of conduct that deprived her of due process of law and violated her clearly established rights under the 14th Amendment to the Constitution of the United States of America when they conspired to seize her person, detain her, falsely arrest her and use excessive force against her in violation of due process of law. *Compl*., p. 8, ¶ 44. Since plaintiff is claiming that Defendant Kinsella used excessive force during the seizure, then this claim should be analyzed under the 4th Amendment "reasonableness" standard rather than a "substantive due process approach." Since plaintiff's claim that Defendant Kinsella and "Defendant Officers" deprived her of due process of law under the 14th Amendment to the United States Constitution is without merit, in light of *Graham*, then this claim must also be dismissed.

## C. Plaintiff Should Be Required To Submit A More Definite Statement As To Her Conspiracy Claim Under Rule 12(e)

In the alternative, plaintiff should be required to set forth a more definite statement as to the particulars of her conspiracy claim. Rule 12(e), in relevant part, provides: "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." *Fed. R. Civ. P. 12(e)*.

As previously stated, plaintiff's Complaint simply lacks a basis for a conspiracy claim since it fails to specify any specific conduct engaged by the named defendant officer, Defendant Kinsella, in furtherance of the conspiracy. Instead, plaintiff simply alleges everything against "Defendant Officers." *See*, *supra*; *see* also *Compl.*, p. 7, ¶ 43 and p. 8, ¶ 44. Plaintiff's complaint is vague and deficient as to even the most fundamental allegations, purely because she "loops" Defendant Kinsella along with "Defendant Officers" making it difficult to ascertain where Defendant Kinsella's culpability begins and ends. Even, if the plaintiff alleges that Defendant Kinsella conspired to obtain the allegedly illegal search warrant, the facts articulated in plaintiff's complaint, states he acted alone when he obtained the search warrant from Judge Kunkle, thus it is unclear as to when, where and how Defendant Kinsella conspired against the plaintiff in this case at least for purposes of preparing a defense. *Id.* at p. 3, ¶ 8. Defendant Kinsella cannot reasonably be required to frame a responsive pleading without a more definite statement on the part of plaintiff, as to his alleged unconstitutional conduct during these incidents. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Rule 12(e) provides relief in these circumstances and plaintiff should be required to submit a more definite statement as to the

conspiracy claim she is bringing in this case to allow the Defendants to adequately respond and assert appropriate defenses. Rule 12(e) was intended as a means of relief where there is vagueness and ambiguity in the sense of indefiniteness of facts as well as in instances where there is vagueness and ambiguity in the sense of lacking clarity of expression. *See Parus v. Cator*, 2005 WL 1458773 *3 (W.D. Wis. 2005). Plaintiff has failed to provide essential facts that would allow Defendants to properly investigate her claims, respond to her complaint and assert the appropriate defenses. Thus, Defendants moves for a more definite statement or in the alternative, as stated *supra*, a dismissal of this claim.

**D.      Plaintiff's Tort Law Claims against Defendants for Assault and Battery are barred by the Statute of Limitations**

Pursuant to the Illinois Tort Immunity Act, any state-law based civil action brought against a local entity or any of its employees must be commenced within one year from the date the injury was received or the cause of action accrued. *745 ILCS 10/8-101 (2006)*. Further, where a plaintiff pleads sufficient facts to establish that he cannot recover on his claims, the Court should dismiss those claims. *Kalupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006); *Jackson v. Marion County*, 66 F.3d 151, 153-4 (7th Cir. 1995).

The Seventh Circuit has repeatedly applied this principle to the period of limitations. *See Walker v. Thompson*, 288 F.3d 1005, 1009-1010 (7th Cir. 2002); *Whirlpool Financial Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). Hence, where the plaintiff has pled facts which establish a statute of limitations defense, then the court may conclude that the plaintiff has pled herself out of court and, accordingly, dismiss those claims.

1.   **Counts V and VI: State Law Battery and State Law Assault**:

On June 15, 2006--the date plaintiff was allegedly handcuffed and detained by employees of the Chicago Police Department while her home was being searched—plaintiff claims that "Defendant Officers" forcibly entered her home with their guns drawn. *Compl.*, p. 3, ¶ 11. "Defendant Officers" then used excessive force when they aggressively lifted plaintiff from the floor while she was handcuffed behind her back causing injury to the plaintiff's rotator cuff and right shoulder. *Id*. at, p. 4, ¶ 18.

In this case, plaintiff filed her complaint on June 11, 2008--almost 2 years after the alleged incident--alleging state law claims for Battery and Assault in Counts V and VI, respectively. As previously stated, where a plaintiff pleads sufficient facts to establish that he cannot recover on his claims, the Court should dismiss those claims. *Kalupa*, 438 F.3d 713, 715 (7th Cir. 2006); *Jackson*, 66 F.3d 151, 153-4 (7th Cir. 1995). Here, the cause of action accrued on June 15, 2006- the date of the seizure, false arrest, detention and use of excessive force. Thus, the one-year statute of limitations on these state law claims expired on June 15, 2007, over one year ago. Because the plaintiff failed to assert these claims prior to June 15, 2007--the expiration of the statute of limitations--then plaintiff has pled herself out of court and her state law claims for Battery and Assault in Counts V and VI must be dismissed accordingly.

## Conclusion

Plaintiff's claims should be dismissed because she has failed to state a cause of action in Count IV. In addition, Plaintiff failed to commence this litigation within the appropriate statute of limitations period of one year, and therefore Counts V and VI of Plaintiff's Complaint must

also be dismissed.

WHEREFORE, Defendant Officer Tim Kinsella and City respectfully request that this Court dismiss Count IV, for failure to state a cause of action in which relief can be granted or in the alternative Defendants move for a more definite statement.  Defendants also request that this court dismiss Counts V and VI of Plaintiff's Complaint in its entirety because the state law claims brought by plaintiff are beyond the statute of limitations and the Defendants ask that the court enter an order granting such requests pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons stated above.

MARA S. GEORGES
Corporation Counsel of the City of Chicago

By:     /s/ Suyon Reed
        Assistant Corporation Counsel

30 North LaSalle Street - Suite 1400
Chicago, Illinois  60602
(312) 744-3283
Attorney No. 06280973