IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAVON BILLUPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-CV-3365 |
| | ) | |
| Chicago Police Officers T. KINSELLA, Star | ) | Hon. Joan H. Lefkow |
| # 17145, P. HUERTA, Star # 13692, | ) | |
| J. MCKENNA, Star # 14820, P. POWERS, | ) | |
| Star # 7023, J. JACKOWIAK, Star # 3130, | ) | |
| N. SANCHEZ, Star # 4243, C. BARAJAS, Star | ) | |
| # 7367, M. THOMAS, Star # 8796, M. PLATT, | ) | |
| Star # 577, G. GRANIAS, Star # 1731, A. LARA, | ) | |
| Star # 19429, D. ANDERSON, Star # 3947, and | ) | |
| the CITY OF CHICAGO | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Lavon Billups ("Billups") filed a second amended complaint against Chicago police officers T. Kinsella, P. Huerta, J. McKenna, J. Jackowiak, N. Sanchez, C. Barajas, M. Thomas, M. Platt, G. Granias, A. Lara, and D. Anderson (collectively, excluding Kinsella, "defendant officers"), and the City of Chicago ("the City") under 42 U.S.C. § 1983 for deprivation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.[1] Before the court is defendant officers' motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendant officers' motion to dismiss [#49] is granted.

---

[1] The court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

1

## BACKGROUND

In her second amended complaint, Billups alleges that on June 15, 2006, Kinsella, accompanied by defendant officers, forcibly entered Billups's home armed with a search warrant. Billups contends that, along with her boyfriend, Maurice Boyce, and her son, DeAndre Boyd, she was handcuffed and forced to lay on the floor face down for approximately two to three hours while the officers searched her home. During this time, Billups allegedly suffered an asthma attack and received no medical attention. After the search was completed, Billups alleges that Kinsella and defendant officers "aggressively lifted" her from the floor, injuring her rotator cuff and right shoulder. Second Am. Compl. ¶ 18. She contends that these injuries necessitated surgery and have prevented her from continuing her employment as a hairstylist. Since the incident, she has also suffered nightmares, anxiety attacks, and other mental and emotional distress.

Billups initially filed her complaint on June 11, 2008, naming Kinsella, the City, and "unknown Chicago police officers" as defendants. *See* Dkt. No. 1. Kinsella and the City filed a motion to dismiss the complaint on August 22, 2008, *see* Dkt. No. 13, which was rendered moot when Billups filed an amended complaint on September 16, 2008. The amended complaint named Kinsella and the City as defendants, but omitted "unknown Chicago police officers" from the caption. *See* Dkt. No. 16. Kinsella and the City answered the complaint on September 26, 2008. *See* Dkt. No. 17. In their initial Rule 26(a) disclosures, they identified the other individual officers involved in the search of Billups's home. Pl.'s Resp. at 2. Subsequently, on April 30, 2009, Billups was given leave to file a second amended complaint adding the eleven officers who have filed the instant motion to dismiss as defendants.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). The court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 586 (7th Cir. 2002). In order to survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of the claim's basis, but must also establish that the requested relief is plausible on its face. *Ashcroft* v. *Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *see also Bell Atl.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

## DISCUSSION

Defendant officers argue that all claims against them should be dismissed because they are time-barred and do not relate back to the date of the original pleading under Federal Rule of Civil Procedure 15(c)(1). Billups responds that defendant officers' motion is untimely as the court granted her leave to amend the complaint to add them as defendants and that fairness dictates that the statute of limitations have been considered equitably tolled until the identities of defendant officers were revealed.

### I.   Timeliness of Defendant Officers' Motion to Dismiss

Before addressing the merits, the court notes that the defendant officers did not waive any objections they may have to being named as defendants in this case by not objecting while Billups's motion for leave to file a second amended complaint was pending. While it is true that the court gave Billups leave to amend in order to name the previously unnamed officers,

defendant officers were not parties, and thus were not required to file objections at that time. The fact that counsel for Kinsella and the City are now also representing defendant officers is irrelevant, as counsel only filed appearances on behalf of defendant officers after they were personally served. The Seventh Circuit has noted that it may be "inappropriate to allow [named defendants] to argue the statute of limitations defense on behalf of [new defendants]," suggesting that Billups's waiver argument is without merit. *Donald* v. *Cook County Sheriff's Dep't*, 95 F.3d 548, 560 n.9 (7th Cir. 1996); *see also Jones* v. *Coleman Co.*, 39 F.3d 749, 753 (7th Cir. 1994) ("As a general proposition, it is more logical to look to [the substituted defendant] than to [the dismissed defendant] to decide whether to plead the defense of limitations and whether to challenge the propriety of relation back."). Thus, the court will proceed to consider whether Billups's claims against defendant officers are time-barred.

## II.      Statute of Limitations

A Rule 12(b)(6) motion to dismiss based on the statute of limitations may be granted where the allegations on the face of plaintiff's complaint clearly demonstrate that the suit is time-barred. *Andonissamy* v. *Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States* v. *Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). Federal courts borrow the state statute of limitations for personal injury claims in actions brought under § 1983. *Williams* v. *Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). Thus, Billups's claims are subject to a two-year statute of limitations. *See* 735 Ill. Comp. Stat. 5/13-202; *Williams*, 399 F.3d at 870. Billups's claims accrued when the alleged misconduct took place, June 14, 2006, *see Wallace* v. *City of Chi.*, 440 F.3d 421, 425–28 (7th Cir. 2006), and so the limitations period ran on June 14, 2008. Although Billups filed her original complaint within the limitations period, her claims against

defendant officers filed in April 2009 can only survive if they relate back to the filing of her original complaint under Rule 15(c)(1)(C) or, as Billups argues, the statute of limitations was equitably tolled until defendant officers' identities were revealed. *See Wood* v. *Worachek*, 618 F.2d 1225, 1229 (7th Cir. 1980) ("[A] new defendant cannot normally be substituted or added by amendment after the statute of limitations has run.").

A. **Relation Back**[2]

Rule 15(c)(1)(C) provides that

> [a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (I) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). "[T]he mistake requirement is independent from whether the purported substitute party knew that action would be brought against him." *King* v. *One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (citing *Baskin* v. *City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) and *Wood*, 618 F.2d at 1230). "[R]elation back on grounds of mistake concerning the identity of the proper party does not apply where the plaintiff simply lacks knowledge of the proper defendant." *Hall* v. *Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) (citations omitted) (internal quotation marks omitted). The substitution of named defendants for "unknown officers" after the limitations period has run does not meet Rule

---

[2] While the court will analyze whether Billups's amendment relates back under Federal Rule of Civil Procedure 15(c)(1)(C), the analysis and conclusion would be the same under Illinois law. *See Springman* v. *AIG Mktg., Inc.*, 523 F.3d 685, 688 (7th Cir. 2008) ("We need not choose between state and federal law . . . because Illinois's relation-back rule is identical to the federal rule."); *Vodak* v. *City of Chicago*, No. 03 C 2463, 2006 WL 1049736, at *3 (N.D. Ill. Apr. 19, 2006).

15(c)(1)(C) as no mistake within the meaning of that provision has occurred. *See id.* ("Whether a plaintiff names a fictitious defendant like 'John Doe' because he does not know who harmed him or names an actual–but nonliable–railroad company because he does not know which of two companies is responsible for his injuries, he has not made a 'mistake' concerning 'identity' within the meaning of Rule 15(c)[(1)(C)]. He simply lacks knowledge of the proper party to sue. It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires."); *Baskin*, 138 F.3d at 704 ("[Plaintiff] did not make a mistake concerning [the officer's] identity when he filed his original complaint; he simply did not know the identity of the police officer . . . . Accordingly, when [plaintiff] later amended his complaint to name [the officer] as a defendant, that amendment did not relate back to the filing of his original complaint.").

Billups cannot meet this strict standard for mistake. She failed to name defendant officers in her original complaint, not because of a mistake in identity but because she did not know their identity, as evidenced by the inclusion of "unknown Chicago police officers" as defendants in her original complaint.[3] Consequently, the addition of defendant officers does not relate back to the date of Billups's original pleading.[4]

---

[3] *Woods* v. *Ind. Univ.-Purdue Univ. at Indianapolis*, 996 F.2d 880 (7th Cir. 1993), is distinguishable. While *Woods* held that the naming of the university instead of individual officers of the university as defendants in a § 1983 action qualified as a mistake under Rule 15(c)(1)(C), its holding is limited to situations where a mistake of law has been made with respect to suing institutional, rather than individual, defendants. *See Jackson* v. *Kotter*, 541 F.3d 688, 696 (7th Cir. 2008); *Donald* v. *Cook County Sheriff's Dep't*, 95 F.3d 548, 560 (7th Cir. 1996). Here, no such mistake of law is present. Furthermore, the Seventh Circuit has stated that "*Woods* appears to be an outlier" and that the mistake element of Rule 15(c)(1)(C) should be construed narrowly. *Hall*, 469 F.3d at 597.

[4] Because the mistake requirement is not met, the court need not consider whether defendant officers knew that the action would be brought against them or had notice of the action within the time allowed under Rule 15(c)(1)(C).

### B. Equitable Tolling

Even though Billups's claims against defendant officers do not relate back, they could survive if equitable tolling is appropriate. Illinois, rather than federal, law governs equitable tolling in this case, as the statute of limitations for Billups's action has been borrowed from state law. *See Shropshear* v. *Corp. Counsel of the City of Chi.*, 275 F.3d 593, 596 (7th Cir. 2001). "Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Id.* at 595. More specifically, under Illinois law, equitable tolling "may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum." *Clay* v. *Kuhl*, 727 N.E.2d 217, 223, 189 Ill. 2d 603, 244 Ill. Dec. 918 (Ill. 2000). Once the necessary information has been obtained or could have been obtained by exercising due diligence, the plaintiff must not delay in bringing suit. *See Shropshear*, 275 F.3d at 596; *Elmore* v. *Henderson*, 227 F.3d 1009, 1013 (7th Cir. 2000). "The principles of equitable tolling must be applied with caution." *Block* v. *Pepper Constr. Co.*, 710 N.E.2d 85, 91, 304 Ill. App. 3d 809, 237 Ill. Dec. 662 (Ill. App. Ct. 1999).

Billups argues that equitable tolling is appropriate as it was impossible for her to learn defendant officers' identities without receiving discovery from Kinsella or the City. She claims that Kinsella and the City delayed in revealing defendant officers' identities, waiting four months after being served with the original complaint to make their initial Rule 26(a) disclosures. This does not, however, establish that Kinsella and the City actively misled Billups or prevented her from asserting her rights in an extraordinary way. Billups has not pled facts sufficient to suggest

7

that she actively sought to learn the identities of defendant officers. She delayed filing her suit until three days before the statute of limitations expired, did not move to compel disclosure of defendant officers' identities, and has not presented compelling evidence of other attempts she made to discover their identities.

Even if Billups could demonstrate that equitable tolling is appropriate in her case, it would not be available to her. She did not move to amend her complaint to name defendant officers as soon as she could, but rather waited almost six months to do so. This six-month delay on Billups's part precludes her from benefitting from the doctrine of equitable tolling. *See Elmore*, 227 F.3d at 1013 (equitable tolling not available to plaintiff who waited four months to sue and did not offer an explanation for the delay); *Tate* v. *I.B.E.W.-N.E.C.A. Technical Inst.*, No. 09 C 1592, 2009 WL 3839319, at *3–4 (N.D. Ill. Nov. 10, 2009) (equitable tolling not available where plaintiff waited three months after discovering necessary information, as he should have done so within "days and, at most, weeks"); *Edwards* v. *Two Unknown Male Chi. Police Officers*, 623 F. Supp. 2d 940, 952 (N.D. Ill. 2009) (plaintiff did not exercise due diligence when he waited approximately five months after the limitations period had run to amend his complaint and name the individual officers). Billups claims the delay in amending her complaint was "purely an error made by her counsel based on internal office mistakes that have since been corrected." Pl.'s Resp. at 4. This attorney error, however, does not save Billups's argument, as it instead demonstrates that she, through her counsel, did not pursue her claims against defendant officers with reasonable diligence. Thus, the court cannot conclude that equitable tolling is warranted and instead finds that Billups's claims against defendant officers must be dismissed.

## **CONCLUSION AND ORDER**

For the foregoing reasons, defendant officers' motion to dismiss [#49] is granted. Defendant officers are dismissed from the case.

Dated: Dec. 4, 2009  Enter: _____
JOAN HUMPHREY LEFKOW
United States District Judge